UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOSVANY CABRERA PRIETO,

      Petitioner,

    v.                              Case No.:  2:26-cv-00746-SPC-DNF

PAMELA BONDI *et al*,

      Respondents,

_____/

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Yosvany Cabrera Prieto's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 11).  For the below reasons, the Court denies the petition.

Cabrera Prieto is a native of Cuba who entered the United States in 2007.  He has an extensive criminal history, including crimes of moral turpitude, and on August 8, 2013, an immigration judge ordered him removed to Cuba.  He had many encounters with the Department of Homeland Security ("DHS") over the years, but DHS was unable to remove him to Cuba.

On September 22, 2025, local police arrested Cabrera Prieto for possession of amphetamine.  Immigration and Customs Enforcement ("ICE") took custody of him two days later.  On January 20, 2026, ICE notified Cabrera Prieto of its intent to remove him to Mexico.  ICE attempted removal on February 16, 2026, but Cabrera Prieto refused to comply.  ICE issued a

written warning, advising him of his responsibility to assist in the removal process. ICE is making arrangements to attempt removal again soon. Cabrera Prieto argues his detention violates the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Cabrera Prieto's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Cabrera Prieto attempted to meet his initial burden by showing a good reason to believe the government cannot remove him to Cuba. He succeeds, but he does not address the possibility of removal to Mexico. In response, the government has presented evidence that (1) ICE scheduled Cabrera Prieto for removal to

Mexico and brought him to a facility near the Texas-Mexico border, (2) Cabrera Prieto thwarted removal by refusing to cooperate, (3) ICE issued a written warning of the consequences of failing to assist with removal efforts, and (4) ICE intends to attempt removal to Mexico again soon.  Cabrera Prieto provides no reason to believe ICE will not be able to execute the removal order in the reasonably foreseeable future if he cooperates.

Accordingly, it is hereby

**ORDERED:**

Yosvany Cabrera Prieto's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 31, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record